# IN THE COURT OF APPEALS OF IOWA

No. 19-0900
Filed July 1, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LAQUANDRA MONIC ANDERSON,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Brook Jacobsen, District Associate Judge.

A defendant appeals her five theft convictions. **AFFIRMED.**

Amanda Demichelis of Demichelis Law Firm PC, Chariton, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., and May and Greer, JJ.

**TABOR, Presiding Judge.**

"I know I have screwed up." That is what Laquandra Anderson told the judge at the sentencing hearing on her five convictions for third-degree theft. Earlier she pleaded guilty to the aggravated misdemeanors, acknowledging she took items from Walmart stores in Waterloo and Cedar Falls. The court ordered her to serve a prison term not to exceed two years, running the five sentences concurrently. She now appeals those convictions, alleging her attorney was ineffective in allowing her to enter the guilty pleas. Because she cannot show her attorney breached a duty causing prejudice, we affirm.

The State alleged Anderson committed third-degree theft in five cases—on May 19, May 26, July 5, November 22, and December 6, 2017. According to the minutes of testimony, her scheme in the first three cases was to take items off store shelves, return them to customer service without paying, obtain a store gift card, and then purchase additional items. The value of each theft was around $50.[1] Walmart personnel discovered the thefts by reviewing no-receipt return reports and viewing surveillance video to identify Anderson. In the last two cases, she used self-checkout to pay for some merchandise, but left the store without paying for other items worth $249 and $322 respectively.[2] All five trial informations

---

[1] At the time of Anderson's crimes, taking property not exceeding $200 was fifth-degree theft, a simple misdemeanor. *See* Iowa Code § 714.2(5) (2017). But theft of property valued at less than $500 by a person with two prior theft convictions was elevated to third degree, an aggravated misdemeanor. Iowa Code § 714.2(3). The legislature's 2019 amendment to section 714.2 does not apply here.

[2] Taking property exceeding $200 but under $500 was fourth-degree theft, a serious misdemeanor. Iowa Code § 714.2(4) (2017). But again, the State enhanced these offenses to third degree under section 714.2(3).

alleged Anderson had been twice convicted of theft before, once in December 2006 and once in June 2009.

Represented by counsel, Anderson entered written guilty pleas to all five offenses in January 2019. The State made no charging or sentencing concessions. The written forms advised Anderson of the need to file a motion in arrest of judgment to attack the validity of the plea procedure. For each guilty plea, she initialed a series of paragraphs, one of which stated her intent to waive the right to file a motion in arrest.

The district court accepted the guilty pleas and imposed concurrent, indeterminate prison sentences of two years on each count. The court explained, "To call it an addiction, a theft addiction is probably close to accurate given the number of charges that you have in your history but that doesn't excuse the behavior."[3] The court suspended the $625 fines and thirty-five percent surcharge but imposed the LEI (law enforcement initiative) surcharge of $125.

Anderson now appeals.[4] Because she waived her right to move in arrest of judgment, she challenges her guilty pleas on appeal through the rubric of ineffective assistance of counsel. *See State v. Rodriguez*, 804 N.W.2d 844, 848

---

[3] The presentence investigation report (PSI) showed she had eight previous convictions for theft in Iowa and four convictions for retail fraud from Michigan.

[4] Last year, the legislature amended Iowa Code section 814.6 to prohibit most appeals from guilty pleas. *See* 2019 Iowa Acts ch. 140, § 28. That same legislation amended section 814.7 to bar appellate courts from deciding claims of ineffective assistance of counsel on direct appeal. *See id.* at § 31. But our supreme court decided those provisions did not apply to judgments entered before July 1, 2019. *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019). Because the court entered judgment here in April 2019, we may consider Anderson's ineffective-assistance claim on direct appeal if the record is adequate. *See State v. Kuhse*, 937 N.W.2d 622, 627 (Iowa 2020).

(Iowa 2011) (describing exception to Iowa Rule of Criminal Procedure 2.8(2)(d));
*see also State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002) (holding "defendants charged with serious or aggravated misdemeanors may enter into a valid written waiver of the right to file a motion in arrest of judgment and thus trigger the bar that [Iowa Rule of Criminal Procedure] 2.24(3)(*a*) imposes to challenging a guilty plea on appeal").

We review de novo Anderson's claim that counsel was ineffective in handling her guilty pleas. *See State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). To prove ineffective assistance, she must prove by a preponderance of evidence that (1) her attorney failed to perform an essential duty and (2) prejudice resulted. *See State v. Straw,* 709 N.W.2d 128, 133 (Iowa 2006) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). In the guilty plea context, Anderson must show, but for counsel's errors, she would have insisted on going to trial rather than pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985).

On direct appeal, we may decide whether the record is adequate to adjudicate her claims or we may choose to preserve them for possible postconviction-relief proceedings. *See Straw*, 709 N.W.2d at 133. Neither Anderson nor the State argues this record needs more development. We agree and go on to decide the ineffective-assistance claims.

Anderson alleges counsel was constitutionally remiss in two ways.[5] First, she contends counsel did not ensure her written pleas complied with Iowa Rule of

---

[5] She contends counsel failed in a third way by not moving in arrest of judgment. That procedural omission required her to raise her substantive claims by alleging ineffective assistance. But it did not preclude her from raising them, so we decline to analyze that claimed breach of duty separately.

Criminal Procedure 2.8(2)(b). In particular, she claims she was not informed of the nature of the offense or the range of possible punishment. She also points out that her initials were missing on one page of the written plea form for the July 2017 offense. Second, she argues counsel allowed her to plead guilty to charges enhanced based on allegations of recidivism without the safeguards required by *State v. Harrington,* 893 N.W.2d 36, 45 (Iowa 2017).

On the first allegation, we find counsel breached no material duty because the information provided in the written plea forms substantially complied with the rule. *See State v. Weitzel*, 905 N.W.2d 397, 406 (Iowa 2017) (confirming substantial, not strict, compliance is the standard). As Anderson acknowledges, for misdemeanor charges, a court does not have to engage the accused in a full, in-person colloquy; a written waiver that reflects knowledge of the rule 2.8(2)(b) requirements is sufficient. *State v. Meron*, 675 N.W.2d 537, 541 (Iowa 2004). Anderson admitted in each of the written pleas that she received a copy of the trial information and minutes of testimony. Those documents alleged the offenses occurred in Black Hawk County. And they noted the nature of the theft offenses. Anderson's claims to the contrary are unpersuasive. The written pleas also set out the range of possible punishments and notified Anderson she could face surcharges and other fees. She also initialed a paragraph with this underscored sentence: "There is no agreement as to the sentencing and both parties may argue sentencing." Counsel had no duty to ensure more information on possible punishments.

As for the missing initials on the plea to the July 2017 theft, the State argues: "That omission appears to be a mere oversight and not significant to Anderson's

voluntariness claim under the circumstances." We agree. The fifth page of that six-page form did not include Anderson's initials. But she did sign the last page, which included a statement that she "read and completed this entire form" and asked the court to "accept this Written Plea of Guilty and proceed to sentence me accordingly." We find no prejudice from this oversight.

On the second allegation, we find counsel had no duty to insist on a *Harrington*-like colloquy for these aggravated-misdemeanor guilty pleas. But even if *Harrington* could be applied here, Anderson cannot show she was prejudiced by counsel's omission.

On appeal, Anderson makes the novel argument that the degree-of-theft enhancements in section 714.2 fall "under the plea colloquy requirements of the felony habitual offender" as outlined in *Harrington*, 893 N.W.2d at 45. The State responds that *Harrington* relied on rule 2.19(9), which applies to bifurcated trials and not guilty pleas. The State argues, "[I]f a guilty plea entered under rule 2.8(2)(b) must follow the *Harrington* procedures for admissions under rule 2.19(9), and rule 2.19(9) incorporates rule 2.8(2), this circular logic ends up with nothing more than a guilty plea requiring the court to follow the rule 2.8(2) procedure." We agree counsel did not have to urge this "circular logic." But even if *Harrington* could be applied to these misdemeanor guilty pleas, nothing signaled that new requirement to defense counsel. *See State v. Schoelerman,* 315 N.W.2d 67, 74 (Iowa 1982) (enunciating rule that competent attorney need not be a "crystal gazer" who can predict changes in established law).

What's more, Anderson cannot show she was prejudiced by the lack of more information on the degree-of-theft enhancements. Each written plea stated

that her attorney informed her about the elements of the crime and cited section 714.2(3). That provision explains theft may be enhanced to third degree, an aggravated misdemeanor, if the person "has before been twice convicted of theft." Iowa Code § 714.2(3). That paragraph also listed two specific prior theft convictions from 2006 and 2009 from Anderson's criminal record.[6] The minutes informed Anderson that the State planned to call the clerk of court to testify about those records. And the PSI listed those convictions. When asked about the PSI at sentencing, Anderson did not have any corrections about its recitation of her prior convictions. We find no prejudice resulting from counsel's performance in representing Anderson on these aggravated misdemeanor guilty pleas.

**AFFIRMED.**

---

[6] Anderson complains she was not informed that the State was "not required to prove the prior convictions were entered with counsel" if she did not first raise that claim. *See Harrington*, 893 N.W.2d at 46. It's true, if a prior misdemeanor conviction is uncounseled and no valid waiver occurred, it "cannot be used as a predicate to increase the length of incarceration for a later crime." *See State v. Young*, 863 N.W.2d 249, 281 (Iowa 2015). But Anderson does not claim her prior convictions were uncounseled nor that she would have insisted on going to trial if she had that added advisory.